IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LORENZA PORTER,                )
                               )
    Petitioner,                )
                               )
v.                             )    Civil Action No. 3:13CV737–HEH
                               )
ERIC WILSON,                   )
                               )
    Respondent.                )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Lorenza Porter, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. This Court convicted Porter of conspiracy to possess with the intent to distribute and to distribute cocaine, cocaine base, and heroin; possession with the intent to distribute heroin; distribution of cocaine base and heroin; money laundering; investment of illicit drug profits; and tax evasion. *See United States v. Porter*, No. 96–4447, 1997 WL 269343, at *1 (4th Cir. May 22, 1997) (citation omitted). The Court sentenced Porter to 262 months of imprisonment. *Id.* On April 28, 2000, the Court denied a 28 U.S.C. § 2255 filed by Porter. In his § 2241 Petition, Porter contends that his sentence is

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
   (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
   (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

unconstitutional in light of the Supreme Court's decision in in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[2] For reasons set forth below, the § 2241 Petition will be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C.§ 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

---

[2] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Porter's 28 U.S.C. § 2241 Petition

Porter fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Porter fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Porter stands

convicted remains criminal.[4] *See Alsop v. Chandler*, --- F. App'x ----, No. 13–10778, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014) (concluding the decision in *Alleyne* fails to provide a basis for filing § 2241 petition). Accordingly, the Court will dismiss Porter's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

                                                   /s/
                               HENRY E. HUDSON

Date: Jan. 31, 2014        UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[4] As previously noted, Porter was convicted of the following crimes: conspiracy to possess with the intent to distribute and to distribute cocaine, cocaine base, and heroin; possession with the intent to distribute heroin; distribution of cocaine base and heroin; money laundering; investment of illicit drug profits; and tax evasion.